CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

DEC 12 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| MELINDA SCOTT, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:18CV47 |
| | ) |
| v. | ) OPINION |
| | ) |
| ANDREW CARLSON, ET AL., | ) By: James P. Jones |
| | ) United States District Judge |
| | ) |
| Defendants. | ) |

Pro se litigant Melinda Scott has submitted an application to file a civil action without prepaying fees or costs.[1] In her proposed action based on diversity jurisdiction, Scott brings claims of defamation, publication of private information, and violation of the Fourth Amendment against Andrew Carlson, who allegedly created a website containing statements about Scott; Joshua Moon, who operates an internet forum containing statements about Scott; and Sherod DeGrippo, who owns a "wiki" containing statements about Scott.[2] While I will permit the filing of the action without prepayment of fees and costs, I will dismiss it because Scott's allegations fail to state a claim on which relief may be granted, for the reasons discussed below.

---

[1] This is Scott's eighth pro se case filed in this court within the last two years. All of them have been dismissed.

[2] A wiki is a website that users can collaboratively modify.

I.

Scott's Complaint alleges the following facts:

In December 2016, Scott discovered a website that Andrew Carlson had created containing a list of men with whom she allegedly had sexual relations. In March 2017, Carlson posted a video on YouTube that contained biographical information about Scott and her children, and allegations and questions about the paternity of her children. In that video and in others, Carlson also made statements "falsely attributing sexual acts to [Scott] which are untrue, including a supposed sexual act with a former (unnamed) landlord," and alleging that Scott has been married more than twice. Compl. ¶ (e). Carlson also created an image depicting Scott's head on a nude body. Scott asserts that Carlson obtained the biographical information about her family from a protective order issued by a Virginia state court.

Joshua Moon owns Lolcow LLC, a corporation that runs Kiwi Farms, an internet forum. Scott asserts that Moon published on Kiwi Farms biographical information about her and her family, along with statements that she has had "9 husbands by 29," has a list of husbands, has had sexual relations with a former landlord, is a "gigantic whore" and a "kike," and "changes husbands like she changes panties." Compl. ¶ h (xvii). Scott asserts that Moon obtained information about her from Carlson.

Sherrod DeGrippo owns Encyclopedia Dramatica, a website that its users can collaboratively modify. Scott alleges that DeGrippo published on Encyclopedia Dramatica biographical information about her and her family, along with statements that Scott has had sexual relations with a former landlord, has "four baby daddies," is a "horney jewess," and is "incestuous." Compl. ¶ (k). Scott alleges that DeGrippo obtained information about her from Carlson and Moon.

Scott's Complaint asserts claims of defamation, publication of private information, and violation of the Fourth Amendment against Carlson. It also asserts claims of defamation and violation of the Fourth Amendment against both Moon and DeGrippo. Scott seeks an injunction ordering the removal of the statements described above and monetary damages.

## II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a complaint, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009). A document filed pro se is to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but the "court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them,'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)).

As to Scott's allegation of publication of private information against Carlson, she fails to state a claim on which relief may be granted because New York law contains no such cause of action.[3] "New York State does not recognize the common-law tort of invasion of privacy except to the extent it comes within Civil Rights Law §§ 50 and 51," which "create a cause of action in favor of any person whose name, portrait, or picture is used for advertising purposes or for trade without the plaintiff's consent." *Farrow v. Allstate Ins. Co.*, 862 N.Y.S.2d 92, 93 (N.Y. App. Div. 2008). Scott has not alleged any facts that would support a cause of action under Civil Rights Law §§ 50 and 51, and thus she fails to state a New York invasion of privacy claim.

---

[3] In this diversity action, Virginia's choice-of-law rules govern. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In tort actions, Virginia applies the law of the place of the wrong, *McMillan v. McMillan*, 253 S.E.2d 662, 663 (Va. 1979), which is the place of publication in defamation actions, *see Wiest v. E-Fense, Inc.*, 356 F. Supp. 2d 604, 608 (E.D. Va. 2005) (applying Virginia law after determining that the statements at issue were published on a website controlled from a location in Virginia). Here, Scott alleges that Carlson, a New York resident, published the statements at issue on a website that he created and on YouTube. Accordingly, New York law applies to Scott's claims against Carlson.

As to Scott's allegations of Fourth Amendment violations against all defendants, she fails to state a claim on which relief may be granted because she has not alleged any governmental intrusion on her privacy. "[T]he Fourth Amendment cannot be translated into a general constitutional 'right to privacy.' That Amendment protects individual privacy against certain kinds of governmental intrusion . . . ." *Katz v. United States*, 389 U.S. 347, 350 (1967). Scott's Complaint alleges Fourth Amendment violations solely against private individuals, and thus she fails to state a constitutional invasion of privacy claim.

Scott's allegations of defamation against all defendants also fail to state claims on which relief may be granted. Her allegations against Moon and DeGrippo fail because the federal Communications Decency Act bars actions "under 'any State or local law that is inconsistent' with the terms of § 230," which establishes a "general rule that providers of interactive computer services are liable only for speech that is properly attributable to them."[4] *Nemet Chevrolet, Ltd*, 591 F.3d at 254 (quoting 47 U.S.C. § 230(e)(3)). They are not liable for enabling the unlawful content of others to be posted online. *Id.*

Scott's allegations of defamation against Moon and DeGrippo do not contain facts sufficient to attribute the statements on their interactive websites to them.

---

[4] The statute defines an "[i]nteractive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." 47 U.S.C. § 230(f)(2).

Although the Complaint asserts that Moon and DeGrippo published the statements, this merely recites an element of the cause of action without further factual support. Thus, although some of the statements may otherwise be defamatory, the Complaint lacks facts sufficient to treat Moon and DeGrippo as the statements' publishers.

Scott's allegation of defamation against Carlson also fails to state a claim. In New York, defamation is "the injury to one's reputation either by written expression, which is libel, or by oral expression, which is slander." *Idema v. Wagner*, 120 F. Supp. 2d 361, 365 (S.D.N.Y. 2000). "The elements are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and, it must either cause special harm or constitute defamation per se." *Dillon v. City of N.Y.*, 704 N.Y.S.2d 1, 5 (N.Y. App. Div. 1999). Special harm is harm that causes "the loss of something having economic or pecuniary value" and that stems directly from the harm to reputation. *Matherson v. Marchello*, 473 N.Y.S.2d 998, 1000 (N.Y. App. Div. 1984) (internal quotation marks and citation omitted). A plaintiff suing in slander must plead special harm unless the statement falls into one of four categories of per se defamation: (1) statements that the plaintiff committed a crime; (2) statements that tend to injure the plaintiff in his or her trade, business, or profession; (3) statements that the plaintiff has contracted a loathsome disease; or

(4) statements that impute unchastity to a woman. *Id.* at 1001. In contrast, a plaintiff suing in libel must plead special harm unless the statement "tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society." *Id.* at 1001–02 (quoting *Rinaldi v. Holt, Rinehart & Winston*, 366 N.E.2d 1299, 1305 (N.Y. 1977)). Claims alleging libel and slander must be brought within one year of the statement's publication. *See Lancaster v. Town of East Hampton*, 864 N.Y.S.2d 537, 538 (N.Y. App. Div. 2008).

Federal pleading standards require that a plaintiff specifically allege each act of defamation. *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, No. 97-2397, 1999 WL 89125, at *3 (4th Cir. Feb. 23, 1999) (unpublished) (citing the requirement that "in order to plead defamation, a plaintiff should allege specific defamatory comments [including] the time, place, content, speaker, and listener of the alleged defamatory matter." *Caudle v. Thomason*, 942 F. Supp. 635, 638 (D.D.C. 1996) (internal quotation marks and citation omitted)).

First, the December 2016 list of men with whom Scott allegedly had sexual relations and the March 2017 video containing statements questioning the paternity of Scott's children occurred more than a year prior to the commencement of this action, and thus the claims arising from them are barred by the statute of

limitations. In addition, the image depicting Scott's head on another body does not rise to the level of reputational harm required to show libel per se, and Scott does not plead special harm. Likewise, the statement that Scott has been married more than twice does not fall into one of four categories showing slander per se. Remaining is Scott's allegation that "within [the March 2017] video, and other videos" Carlson made statements "falsely attributing sexual acts to [Scott] which are untrue, including a supposed sexual act with a former (unnamed) landlord." Compl. ¶ (e). This claim fails to satisfy the federal pleading requirement that Scott specifically allege each act of defamation and the time that each act occurred.

III.

For the foregoing reasons, I will allow the filing of the action without prepayment of fees and costs, but I will dismiss the Complaint. A separate Order will be entered forthwith.[5]

DATED: December 11, 2018

/s/ James P. Jones
United States District Judge

---

[5] In addition, there is a question in this case as to whether the court has personal jurisdiction over the out-of-state defendants. *See Young v. New Haven Advocate*, 315 F.3d 256, 263 (4th Cir. 2002) (requiring for personal jurisdiction over out-of-state internet publisher the showing of an intent to target and focus on in-state readers).